1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11
JERMAINE F. GORDON, also          )   Case No. CV 09-9481-AHM (OP)
12
know as Chester Newton,           )
                                  )   ORDER TO SHOW CAUSE RE:
13
              Petitioner,         )   DISMISSAL OF PETITION FOR
                                  )   WRIT OF HABEAS CORPUS BY A
14
       v.                         )   PERSON IN STATE CUSTODY
                                  )   (28 U.S.C. § 2254) AS UNTIMELY
15                                )
F. GONZALEZ, CCI WARDEN,          )
16                                )
              Respondent.         )
17

18                              **I.**

19                      **INTRODUCTION**

20       On December 16, 2009, Jermaine F. Gordon ("Petitioner"), also known as

21  Chester Newton, constructively filed a Petition for Writ of Habeas Corpus by a

22  Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

23

24
       [1] The prison mailbox rule holds that a habeas petitioner's state and federal
25
   filings are constructively filed when turned over to prison officials for
26
   forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809,
   814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The
27
   Court has utilized the signature date on the current Petition as the relevant filing
28  date since the signature date is the earliest date on which Petitioner could have

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

2    United States District Courts, the Court has examined the current Petition and

3    finds that it plainly appears from its face that Petitioner is not entitled to relief in

4    the district court.  Specifically, the Court finds that the Petition is subject to

5    summary dismissal as untimely.

6                                      **II.**

7                          **PROCEDURAL HISTORY**

8           On September 12, 2000, Petitioner was convicted after entering a no

9    contest plea in the Los Angeles County Superior Court, case number YA43074,

10   of two counts of robbery in violation the California Penal Code section 211.

11   (Pet. at 2.)  On the same date, Petitioner was sentenced to a total state prison term

12   of eighteen years.  (Id.)

13          Petitioner did not appeal the judgment of conviction to the California

14   Court of Appeal, nor did he file a petition for review in the California Supreme

15   Court.  (Official Records of California Courts.[2])

16   / / /

17   _____

18   turned the Petition over to the prison authorities for mailing.

19          [2] Petitioner states that he did file a direct appeal to the California Court of

20   Appeal.  (Pet. at 2, 3.)  However, The Court has independently reviewed the
     California State Courts' website for cases filed by Petitioner under the names

21   Jermaine Gordon as well as his alias Chester Newton.  The website does not

22   reveal that Petitioner filed a direct appeal to the California Court of Appeal or a
     petition for review in the California Supreme Court.  However, it does reveal that

23   he filed two habeas corpus petitions in the court of appeal, case numbers

24   B198026 and B177889, a petition for a writ of mandate in the court of appeal,
     case number B206741, and three habeas corpus petitions in the supreme court,

25   case numbers S174226, S152631, and S138064.  The Court takes judicial notice

26   of the state appellate court records for Petitioner's cases, which are available on
     the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith, 297 F.3d at 815

27   (federal courts may take judicial notice of relevant state court records in federal

28   habeas proceedings).

                                         2

1  **A.      First Round of State Habeas Corpus Petitions.**

2            On September 16, 2004, Petitioner filed a habeas corpus petition in the

3  California Court of Appeal, case number B177889, which was denied on

4  September 22, 2004.  (Official Records of California Courts.)

5            On October 17, 2005, Petitioner filed a habeas corpus petition in the

6  California Supreme Court, case number S138064, which was denied on July 26,

7  2006.  (Id.)

8  **B.      Second Round of State Habeas Corpus Petitions.**

9            On April 10, 2007, Petitioner filed a second habeas corpus petition in the

10 court of appeal, case number B198026, which was denied on April 19, 2007.[3]

11 (Id.)

12           On May 14, 2007, Petitioner filed a second habeas corpus petition in the

13 supreme court, case number S152631, which was denied on September 19, 2007.

14 (Id.)

15 **C.      Third Round of State Habeas Corpus Petitions.**

16           In January 2008, Petitioner filed a habeas corpus petition in the Los

17 Angeles County Superior Court, which was denied in January 2008.  (Pet. at 4.)

18           On March 28, 2008, Petitioner filed a petition for writ of mandate in the

19 court of appeal, case number B206741, which was denied on April 17, 2008.[4]

20 (Id.)

21           On June 29, 2009, Petitioner filed a habeas corpus petition in the supreme

22 court, case number S174226, which was denied on November 10, 2009.  (Pet. at

23 _____

24          [3] This habeas petition also challenges a separate conviction, case number

25 YA032035, which is the subject of a second § 2254 petition, which was filed on

   the same date as the current Petition but was not given a separate case number.

26

27          [4] This petition also challenges separate convictions, case numbers

   YA032035 and YA032016.  The latter conviction is not the subject of a separate

28 § 2254 petition.

3

4, 5; Official Records of California Courts.)

On December 16, 2009, Petitioner constructively filed the current Petition. For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

## III.

## PETITIONER'S CLAIMS

Petitioner raises five grounds for habeas corpus relief all related to the trial court's imposition of fines and restitution. (Pet. at 5, 6.)

## IV.

## DISCUSSION

**A.    Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

4

1    **B.      The Petition Was Not Filed Within the Limitation Period.**

2          The current Petition was filed after the Antiterrorism and Effective Death

3    Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the

4    AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. §

5    2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th

6    Cir. 1997).[5]  In most cases, the limitation period begins to run from "the date on

7    which the judgment became final by conclusion of direct review or the expiration

8    of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

9          As discussed above, Petitioner was convicted and sentenced on September

10   12, 2000.  (Pet. at 2.)  Petitioner did not appeal the judgment of conviction to the

11   California Court of Appeal, nor did he file a petition for review in the California

12   Supreme Court.  (Official Records of California Courts.)  Since Petitioner did not

13   file a direct appeal, his conviction became final sixty days later, on November 13,

14   2000.  See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1(a));[6] Caspari v. Bohlen,

15   510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("[a] state

16   conviction and sentence become final for purposes of retroactivity analysis when

17   the availability of direct appeal to the state courts has been exhausted and the

18   time for filing a petition for a writ of certiorari has elapsed or a timely filed

19   petition has been finally denied.")  As a result, Petitioner had until November 13,

20   2001, to file the current Petition.  28 U.S.C. § 2244(d)(1)(A).  Petitioner did not

21   constructively file the current Petition until December 16, 2009, over eight years

22   after the limitation period expired.  Thus, unless Petitioner is entitled to statutory

23   _____

24         [5] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court

25   (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

26         [6] Former California Rules of Court 30.1(a), renumbered as Rule 8.308,

27   effective January 1, 2007, provides that, except in certain limited circumstances
     not relevant here, "a notice of appeal must be filed within 60 days after the

28   rendition of the judgment or the making of the order being appealed."

1    or equitable tolling or an alternate start date to the AEDPA's limitations period

2    under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

3    **C.**    <u>**Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**</u>

4    <u>**2244(d)(2).**</u>

5       Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

6    properly filed application for State post-conviction or other collateral review with

7    respect to the pertinent judgment or claim is pending shall not be counted toward

8    any period of limitation under this subsection." <u>Patterson</u>, 251 F.3d at 1247.

9       The United States Supreme Court has held the statute of limitations is

10    tolled where a petitioner is properly pursuing post-conviction relief. <u>Carey v.</u>

11    <u>Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260

12    (2002). The period tolled includes the intervals between one state court's

13    disposition of a habeas petition and the filing of a habeas petition at the next

14    level of the state court system. <u>Id.</u> In <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th

15    Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

16    time the first state habeas petition is filed until the California Supreme Court

17    rejects the petitioner's final collateral challenge." Claims denied as untimely or

18    determined by the federal courts to have been untimely in state court will not

19    satisfy the requirements for statutory tolling. <u>Evans v. Chavis</u>, 546 U.S. 189,

20    192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (<u>citing</u> <u>Carey</u>, 536 U.S. at 222-

21    23).[7]

22

_____

23       [7] The Court in <u>Evans</u> held that a California Supreme Court order silent on

24    the grounds for the court's decision is not equivalent to a holding that the filing

25    was timely. <u>Evans</u>, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term

26    "reasonable time" (in which to file a habeas petition), or clear indication that a

27    particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts

28    would have held with respect to timeliness. <u>Id.</u> at 198. That is, "the federal court

1    As set forth above, Petitioner's limitation period ended on November 13,

2  2001. Petitioner did not file his state habeas petition in the California Court of

3  Appeal, case number B177889, until September 16, 2004. That petition was

4  denied on September 22, 2004. (Official Records of California Courts.)

5  Statutory tolling is unavailable where, as here, this habeas petition was filed well

6  after the limitation period expired. Section 2244(d) does not permit the

7  reinitiation of the AEDPA limitations period that has ended before a state habeas

8  petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

9  (holding that § 2244(d) "does not permit the reinitiation of the limitations period

10  that has ended before the state petition was filed," even if the state petition was

11  timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom

12  v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason,

13  Petitioner is not entitled to statutory tolling for any of his remaining habeas

14  petitions filed in the Los Angeles County Superior Court, in the California Court

15  of Appeal, or in the California Supreme Court.

16    Since Petitioner filed his state habeas petition well after the AEDPA

17  limitation expired, he may not avail himself of statutory tolling to render the

18  current Petition timely. Thus, absent equitable tolling or an alternate start date

19  for the statute of limitations, it appears that the current Petition is untimely.

20  **D.    Equitable Tolling.**

21    The one-year limitation period is subject to equitable tolling if a petitioner

22  demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that

23

24

25

26

---

27  must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would

28  consider a 'reasonable time.'" Id.

7

1  some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.[8]  A

2  petitioner bears the burden of alleging facts that would give rise to tolling. Id.

3  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very

4  high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063,

5  1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high

6  bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging

7  prompt filings in federal court in order to protect the federal system from being

8  forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.

9  2003) (internal quotation marks and citation omitted).  Equitable tolling

10  determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d

11  1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304

12  F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

13  "turn[ ] on an examination of detailed facts").  The face of the Petition does not

14  set forth any facts showing that Petitioner is entitled to equitable tolling

15  **E.    Alternate Start of the Statute of Limitations.**

16        **1.    State-Created Impediment.**

17        In rare instances, AEDPA provides that its one-year limitations period

18  shall run from "the date on which the impediment of filing an application created

19  by State action in violation of the Constitution or laws of the United States is

20  removed, if the applicant was prevented from filing by such State action." 28

21  U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a

22  state-created impediment requires a showing of a due process violation. Lott,

23

24  _____

25      [8] The Supreme Court in Pace noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of

26  limitations." Pace, 544 U.S. at 418 n.8.  The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because

27  the respondent assumed as much, and the petitioner was not entitled to tolling

28  under any standard. Id.

1    304 F.3d at 925.  The face of the Petition does not set forth any facts showing
2    that Petitioner is entitled to relief under this provision.

3        **2.     Newly Recognized Constitutional Right.**

4        The AEDPA also provides that, if a claim is based upon a constitutional
5    right that is newly recognized and applied retroactively to habeas cases by the
6    United States Supreme Court, the one-year limitations period begins to run on the
7    date which the new right was initially recognized by the United States Supreme
8    Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition does not set forth any
9    facts showing that Petitioner is entitled to relief under this provision.

10       **3.     Discovery of Factual Predicate.**

11       The AEDPA further provides that, in certain cases, its one-year limitations
12   period shall run from "the date on which the factual predicate of the claim or
13   claims presented could have been discovered through the exercise of due
14   diligence."  28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set
15   forth any facts showing that Petitioner is entitled to relief under this provision.

16   **F.    Petitioner Fails to State a Cognizable Claim for Habeas Corpus Relief.**

17       Petitioner raises five grounds for habeas corpus relief all related to the trial
18   court's imposition of fines and restitution.  (Pet. at 5, 6.)

19       The habeas sections of Title 28 of the United States Code govern claims by
20   a prisoner attacking the validity or duration of his confinement.  See Calderon v.
21   Ashmus, 523 U.S. 740, 747, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998); Preiser v.
22   Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
23   Petitioner does not challenge the validity or duration of his confinement.  Rather,
24   he seeks relief under 28 U.S.C. § 2254 from the restitution amount imposed as
25   part of his sentence.  A claim challenging a restitution fine under the analogous
26   habeas provision for federal prisoners, 28 U.S.C. § 2255, is not a cognizable
27   basis for habeas relief because such claims do not challenge the validity or
28

1   duration of confinement.  See United States v. Thiele, 314 F.3d 399, 400 (9th Cir.

2   2002); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999).  Petitioner

3   cites no authority, and the Court is aware of none, for adopting a different rule

4   where the petition is brought under 28 U.S.C. § 2254.  Indeed, the touchstone of

5   a habeas claim under § 2254 has been its effect on the legality or duration of a

6   prisoner's confinement.  See, e.g., Young v. Kenny, 907 F.2d 874, 876-78 (9th

7   Cir. 1989) (addressing parole or time credit claims).  Because Petitioner's claim

8   does not affect the validity or duration of his confinement, and a determination of

9   his claim would not entitle him to earlier release from custody, his claim is not a

10  cognizable basis for habeas relief under 28 U.S.C. § 2254.[9]

11                                    **V.**

12                                 **ORDER**

13          Based upon the foregoing, the Court finds that the face of the Petition

14  indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause

15  why the Petition should not be dismissed as untimely by filing a response within

16  thirty (30) days of the date of this Order.  In the response to this Order to Show

17  Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas

18  petition was filed and shall, if possible, attach copies of any state petition

19  (showing that it was filed) and copies of the state court's decision addressing

20  each petition.  All facts relied upon by Petitioner must be proved by testimony

21  contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C.

22  § 1746, or in properly authenticated documents.  Petitioner must describe

23

24  _____

25          [9] Even couching this claim as a due process claim would not avail
    Petitioner.  See also Thiele, 314 F.3d at 402 ("Nor does it matter that Thiele
26  couched his restitution claim in terms of ineffective assistance of counsel.");
    Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner may not
27  "transform a state-law issue into a federal one merely by asserting a violation of
28  due process").

1 | specifically the nature and duration of any extraordinary circumstances and their
2 | consequences in a declaration signed by him under penalty of perjury.  Petitioner
3 | shall also include with his response properly authenticated prison records or
4 | documents which demonstrate any circumstance which Petitioner believes
5 | impeded his ability to timely file the current Petition.
6 |         Failure to comply with these requirements may result in the dismissal of
7 | this action for failure to prosecute and/or failure to comply with a court order.
8 | Failure to remedy the deficiencies discussed may also result in a recommendation
9 | that the action be dismissed.

**IT IS SO ORDERED.**

DATED: January 20, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge